Antimo J. COFRANCESCO, Plaintiff,

v.

CITY OF WILMINGTON, a Municipal Corporation of the State of Delaware, et al., Defendants.

Civ. A. No. 75–117.

United States District Court, D. Delaware.

Sept. 13, 1976.

Stephen Richard Spiller, Levin, Spiller & Twer, Wilmington, Del., for plaintiff.

Perry F. Goldlust, Wilmington, Del., for defendants.

## OPINION

STAPLETON, District Judge.

On May 13, 1974, Antimo Cofrancesco was dismissed from his job as watchman for the City of Wilmington Water Department. The following day, he filed a grievance against the City, charging that his dismissal was "the result of unreasonable, arbitrary and prejudicial actions by A. J. Maitland", the City Water Commissioner. Plaintiff's grievance was denied and thereafter an arbitration panel consisting of Gilmore B. Ott, II, Personnel Director for the City, Emory Woodard, representative of the American

Federation of State, County and Municipal Employees, AFL–CIO, Local No. 320, and Dr. J. Joseph Loewenberg, Chairman of the panel, met and considered plaintiff's grievance. The opinion of the impartial chairman concluded that plaintiff was discharged for on the job conduct which constituted "a serious violation of the trust and responsibility assigned to him as a watchman", and that his dismissal was not "unreasonable or discriminatory".

Cofrancesco then brought suit against the City and the Union, alleging that his dismissal was in violation of substantive due process and the First Amendment, and that the Union did not fairly represent him at the arbitration proceeding. This Court has previously determined that any claim plaintiff may have against his union for breach of a duty of fair representation is a state law claim over which this Court has no jurisdiction. The City has now moved for summary judgment relying upon the arbitrators' award as a bar to this suit.

■ The plaintiff does not dispute that, as a general proposition, the award of an arbitrator is binding on the parties and forecloses judicial action. Likewise, he does not dispute that the arbitration panel that considered his grievance decided that his firing was not arbitrary or based on plaintiff's exercise of First Amendment rights. Nevertheless, he maintains that the City is not entitled to summary judgment. Relying upon *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), plaintiff argues that he must be given the opportunity to prove that the arbitration "process has fundamentally malfunctioned by reason of the bad faith performance of the union" in its representation of him. At 569, 96 S.Ct. at 1059.

In *Hines,* several truck drivers were charged with dishonesty and dismissed from their employment. The employees complained to their Union and the Union protested the discharges. It was agreed that the matter would be submitted for joint arbitration. At the hearing, all parties presented their positions and the arbitration committee sustained the discharges. The employees filed suit against the employer and the Union alleging that there was no just cause for their discharge and that the Union had violated its duty of fair representation in that it had made no effort to ascertain the truth or falsity of the employer's charges prior to the arbitration hearing. The Supreme Court held that the express contractual provision granting finality to arbitration proceedings was not to be given effect and that the employees were entitled to relitigate issues decided by the arbitrator if they could show that there was "substantial reason to believe that a union breach of duty contributed to the erroneous outcome of the contractual proceedings." At 568, 96 S.Ct. at 1058.

The factual pattern in this case parallels *Hines.* After Mr. Cofrancesco was fired from his watchman's position, he filed a grievance charging that the dismissal was arbitrary. The grievance was denied and the matter proceeded to arbitration. At the arbitration, Cofrancesco was represented by the Union. All sides were heard and the arbitrator upheld the dismissal. Cofrancesco now charges that he was wrongfully discharged, and that the Union acted in bad faith in its representation of him during the arbitration.

■ *Hines* is a decision interpreting the federal Labor Management Relations Act [hereinafter LMRA], 29 U.S.C. § 141 *et seq.* That Act excludes from its coverage "any State or political subdivision thereof, . . . ." 29 U.S.C. § 152(2). As was held on the Union's motion to dismiss, this suit is not governed by the provisions of the Act and, thus, the Supreme Court's *Hines* decision does not control in this case. The arbitration proceeding upon which the City relies as a bar to this Civil Rights Act claim against it, was a proceeding conducted pursuant to a collective bargaining agreement executed pursuant to a Delaware statute regarding collective bargaining by public employees. 19 Del.C. § 1301, *et seq.* It is, accordingly, appropriate to look to Delaware law to determine the effect to be

accorded the arbitrators' award. Since I have found no Delaware law directly in point, it is necessary to predict how the Supreme Court of Delaware would decide the issue here presented.

Delaware law extends to State, county and municipal employees many of the same rights to organize and bargain collectively that the LMRA affords to employees in the private sector. 19 Del.C. § 1301, *et seq.* In cases where the problems raised under Delaware's labor law are similar to those that arise under the LMRA, Delaware could be expected to consider and, in all likelihood, follow federal law.

█ Of concern here are the provisions for arbitration and for the Union's role as exclusive bargaining representative for all employees in a bargaining unit. The general arbitration scheme Delaware has established for public employees is patterned on that used in the private sector.[1] The statutory provision that there shall be an exclusive bargaining representative chosen by majority vote within each unit is drawn almost verbatim from the LMRA.[2] In view of these marked similarities between the relevant portions of Delaware law and the federal law and of the similarity between the underlying factual pattern of this case and *Hines,* I conclude that the Delaware courts would hold that plaintiff's union owed him a duty of fair representation, and would adopt the *Hines* approach requiring that plaintiff be given an opportunity to show that the Union failed to adequately represent him at the arbitration proceeding.

The Supreme Court reasoned in *Hines* that when the parties agree to a contract providing that arbitration awards will be final, they assume that the arbitration process will give them an opportunity to fully air their grievances. When this assumption proves to be ill-founded because the Union breaches its duty to fairly represent its members, the bar of finality should fall and the courts should consider the employees' complaints. This rationale applies equally whether the arbitration occurs in the sphere of private industry or public employment.

█ In denying summary judgment, I note that at trial the plaintiff will have the burden of demonstrating that the Union breached its duty to represent him in good faith and that the breach "seriously undermine[d] the integrity of the arbitral process . . . ." *Hines, supra,* at 567, 96 S.Ct. at 1058. If he fails to establish that fact, judgment will be for the defendant.[3] If plaintiff does show a breach of the Union's duty, in order to obtain relief against the City, he must further show that his dismissal was in violation of substantive due process or that it encroached upon his First Amendment rights. *Hines, supra,* at 570, 96 S.Ct. 1048.

---

1. 19 Del.C. § 1310. *See also* Agreement between the City of Wilmington and the American Federation of State, County and Municipal Employees, AFL–CIO, Local No. 320, Article IV, "Grievances and Arbitration Procedure". (Docket No. 24–A).

2. In particular, the language of the Delaware statute relied upon by the City to distinguish the federal legislative scheme is copied *in haec verba* from the federal statute. *Compare* 19 Del.C. § 1306 *with* 29 U.S.C. § 159(a).

3. The Court sees no theoretical or practical problem in the absence of the Union as a party. However, the Union may be responsible for certain damages that the employer would not be. (*See* Stewart, J. concurring in *Hines, supra,* at 570, 96 S.Ct. 1048). Accordingly, it may be in the plaintiff's best interest to litigate these matters in state court against both the Union and the employer. Nevertheless, if he chooses to do so, plaintiff has a right to sue in federal court on those claims for which there is federal jurisdiction.